Kip RANO, Plaintiff–Appellant,

v.

SIPA PRESS, INC., Sipa, Inc., Goskin
Sipahioglu, Sipa, Defendants–
Appellees.

No. 91–55080.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 4, 1992.

Decided March 2, 1993.

As Amended March 24, 1993.

J.D. Sullivan, Pasadena, CA, for plaintiff-appellant.

Kevin J. Stack, Knapp, Petersen & Clarke, Glendale, CA, and Ben C. Friedman, Baker & Friedman, New York City, for defendants-appellees.

Before: BRUNETTI, O'SCANNLAIN, and T.G. NELSON, Circuit Judges.

BRUNETTI, Circuit Judge:

## OVERVIEW

This appeal from a dismissal for lack of personal jurisdiction and grant of summary judgment in a copyright infringement suit turns on issues of federal preemption of state law in the copyright field and the termination of copyright licenses. For the reasons stated below, we affirm in part, reverse in part, and remand.

## FACTS AND PROCEEDINGS BELOW

The parties to this appeal include: Plaintiff–Appellant Kip Rano, a professional photographer and citizen of Great Britain who resides and has his principal place of business in California; and Defendants–Appellees Sipa Press, a French corporation, Sipa Press, Inc., a Delaware subsidiary corporation, and Sipa, Inc., a New York subsidiary corporation (collectively Sipa), and Goskin Sipahioglu, President and one of three owners of Sipa Press. Sipa is a photograph distribution syndicate.

In France, on or before 1978, the parties entered into an oral copyright license agreement whereby Rano granted to Sipa a non-exclusive license of unspecified duration to reproduce, distribute, sell, and authorize others to reproduce, distribute, and sell his photographs. In return, Sipa agreed to store and develop the negatives and to pay fifty percent of the net royalties generated from its sales and distributions.

The relationship went smoothly for about eight years. Pursuant to agreement, Rano submitted several thousand of his photographs to Sipa, which Sipa distributed and paid royalties for. In March of 1986, however, Rano sent a letter to Sipahioglu informing him that he was changing agencies and that he would no longer be sending his negatives to Sipa. He gave as his reasons Sipa's failure to timely pay royalties, low sales, poor photography assignments, and unwillingness to reimburse certain expenses. Starting in July of 1986, Rano made several requests that Sipa return all of the negatives he had sent to them. Finally, on March 12, 1987, Rano informed Sipahioglu that he "did not authorize Sipa to sell any more of [his] photographs."

In July of 1989, Rano sued Sipa and Sipahioglu alleging that Sipa infringed his copyright by: (1) failing to credit him for a photograph of the Duchess of York, the former Sara Ferguson; (2) failing to pay certain royalties; (3) continuing to distribute some of his photographs after he demanded their return and after he had attempted to terminate their licensing agreement; (4) failing to return some of his photographs upon demand; and (5) placing defective copyright notices on slide mounts for his photographs. Rano also alleged state breach of contract, intentional interference with economic relationship, and malicious conversion claims. As a remedy for the copyright infringement claims, Rano sought an injunction against Sipa's further use of his photographs, the delivery of the photographs for impoundment, a declaratory judgment as to the rights to his photographs, compensatory and punitive damages, and costs of the suit and attorney's fees.

The district court dismissed Rano's pendent claims for malicious conversion and intentional interference with economic relationship and granted defendant Sipahioglu's motion to dismiss for lack of personal jurisdiction. After reviewing the affidavits and memoranda submitted by the parties and conducting a hearing, the district court granted Sipa's motion for summary judgment, holding that all but one of Rano's

copyright infringement claims did not constitute copyright claims under the Copyright Act, but were merely breach of contract claims. The one claim that did allege copyright infringement—failure to affix a proper copyright notice—was, as a matter of law, meritless because the notice Sipa did provide was adequate to protect his copyright. The district court dismissed the remaining pendent state claims for lack of subject matter jurisdiction.

## DISCUSSION

### I. Jurisdiction in the District Court.

■ The district court had subject matter jurisdiction over Rano's action under 28 U.S.C. § 1338(a) because the suit "arises under" federal copyright law.[1] A mere allegation of breach of contract does not create federal jurisdiction, even if the contract involves copyright. Under the well-pleaded complaint rule,

> an action arises under the federal copyright laws "if and only if the complaint is for a remedy expressly granted by the Act, ... or asserts a claim requiring construction of the Act, ... or at the very least and perhaps more doubtfully presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim."

*Vestron Inc. v. Home Box Office*, 839 F.2d 1380, 1381 (9th Cir.1988) (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir.1964) (Friendly, J.), *cert. denied*, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965)).

In this case, Rano is seeking remedies under several sections of the Copyright Act: 17 U.S.C. §§ 502 (injunctive relief), 503 (impoundment), 504 (damages and profits), and 505 (attorney's fees and costs). Thus, federal jurisdiction is proper.

### II. Jurisdiction Over The Appeal.

■ Although Rano filed his notice of appeal based on the district court's summary judgment order, more than two weeks before the district court issued its final order dismissing the remaining pendent state claims, we will treat the notice of appeal as timely. *See Eastport Assocs. v. City of Los Angeles*, 935 F.2d 1071, 1074 (9th Cir.1991) (premature notice of appeal will be directed towards a subsequently entered final decision dismissing the action); *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680–681 (9th Cir.1980) (subsequent events can validate a prematurely filed appeal). As in *Eastport* and *Anderson*, there is no danger of piecemeal review because no issue or claim remains in the district court. Accordingly, we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 (1982).

### III. Standard of Review.

■ We review grants of summary judgment de novo. *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1083 (9th Cir.1989). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* We are free to affirm on any ground fairly presented by the record. *Jackson v. Southern Cal. Gas Co.*, 881 F.2d 638, 643 (9th Cir.1989).

### IV. Allegations of Copyright Infringement.

Rano alleges infringement of two of the rights granted to him, as creator of the photographs, by the Copyright Act: the right to reproduce the copyrighted work in copies and the right to distribute copies of the work to the public by sale or other transfer of ownership. *See* 17 U.S.C. § 106(1) and (3). Rano concedes that, under normal circumstances, his licensing

---

1. Although Rano is not a citizen of the United States, his work is protected under the Copyright Act. A work is subject to copyright if on the date of first publication the author was a national of a foreign nation that is a party to a copyright treaty to which the United States is also a party. 17 U.S.C. § 104(b)(1); 1 Nimmer on Copyright § 5.05[B] (1992). United Kingdom and the United States have been treaty partners since 1887. 5 Nimmer, Appendix 20 at 24.

agreement with Sipa would provide Sipa with a valid defense against his copyright infringement claim. *See Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 559 (9th Cir. 1990), *cert. denied sub nom., Danforth v. Cohen*, — U.S. —, 111 S.Ct. 1003, 112 L.Ed.2d 1086 (1991) (in granting a copyright license, the licensor gives up its right to sue the licensee for infringement); *Oddo v. Ries*, 743 F.2d 630 n. 6 (9th Cir.1984) (license is a defense to infringement and must be affirmatively pleaded). Rano argues, however, that although he and Sipa did at one time have a copyright agreement, he terminated the agreement with Sipa. He claims that the termination deprived Sipa of its right to use the negatives Rano already had sent to Sipa, and that Sipa's subsequent use of Rano's negatives constituted copyright infringement.

It is undisputed that the licensing agreement did not contain any provision, either express or implied, regarding its duration. Rano relies on two theories to prove that he properly terminated the agreement. First, Rano argues that California law provides for termination at will of a contract of unspecified duration. Thus, when he wrote Sipahioglu on March 12, 1987, and informed him of his intent to use a different photograph distributor, he terminated their licensing agreement. Second, Rano argues that California law provides for the termination of a contract upon the material breach of the contract by the other party, and that Sipa's alleged actions constituted material breaches of the licensing agreement, permitting him to terminate the agreement.

Sipa counters that the express provision in the Copyright Act regarding termination rights, 17 U.S.C. § 203, preempts state law and prevents Rano from terminating their license agreement until thirty-five years have elapsed. Thus, Sipa claims, its alleged acts of reproducing and distributing Rano's photographs remained licensed at all times and did not constitute copyright infringement.

**A. Termination at Will.[2]**

Under California contract law, agreements of non-specified duration are terminable at the will of either party. *Zimco Restaurants, Inc. v. Bartenders and Culinary Workers' Union, Local 340*, 165 Cal.App.2d 235, 331 P.2d 789, 792–92 (1958); *but cf. Foley v. Interactive Data Corp.*, 47 Cal.3d 654, 254 Cal.Rptr. 211, 765 P.2d 373, 385–86 (1988) (noting that this general rule increasingly has given way to courts' willingness to "gap fill" a reasonable duration). Rano argues that the non-exclusive licensing agreement was a contract of non-specified duration, and as such was terminable at will. He further argues that he exercised his right to terminate the contract.

However, application of this principle of California contract law here would directly conflict with federal copyright law. Under Section 203 of the Copyright Act, licensing agreements are not terminable at will from the moment of creation; instead, they are terminable at the will of the author only during a five year period beginning at the end of thirty-five years from the date of execution of the license unless they explicitly specify an earlier termination date. 17 U.S.C. § 203(a). Since California law and federal law are in direct conflict, federal law must control. *See Fidelity Federal Savings & Loan Ass'n v. de la Cuesta*, 458 U.S. 141, 153, 102 S.Ct. 3014, 3022, 73 L.Ed.2d 664 (1982).

Section 203 applies to non-exclusive, as well as exclusive, licenses executed by the author on or after January 1, 1978. 17 U.S.C. § 203(a). Rano asserts that Section 203 is inapplicable because the licensing agreement was oral and thus not executed. We disagree. Not only was the agreement evidenced by several letters signed by both parties, but it also was successfully opera-

---

**2.** Because the parties did not raise it as an issue on appeal, for purposes of this appeal only, we will assume California law governs the interpretation of the license agreement. We make no findings as to whether French, rather than California, law would apply on remand. *See* Re-

statement (First) of Conflict of Laws §§ 332, 358 (1934) (law of the place of making generally controls issues of contract validity, while place of performance generally controls issues of contract performance); Restatement (Second) of Conflict of Laws §§ 188, 206 (1971).

tive for approximately eight years. Thus, the agreement was executed and is within the purview of Section 203 and is not terminable at will.

Contrary to Rano's allegation, holding that Section 203 preempts California's termination at will rule of contract construction would not mean that Sipa, and other licensees, would be able to breach the licensing agreement with impunity. Under well-settled copyright law, Rano would be able to claim copyright infringement if Sipa exceeded the scope of the licensing agreement, *see, e.g., S.O.S.,* 886 F.2d at 1087, breached a covenant or condition, *see, e.g., Fantastic,* 661 F.2d at 483, or breached the agreement in such a substantial and material way as to justify rescission. *See e.g., Affiliated Hosp. Prod. Inc. v. Merdel Game Mfg. Co.,* 513 F.2d 1183, 1186 (2d Cir.1975). Moreover, he could sue in state court under a breach of contract theory.

### B. Termination for Material Breach.

▆▆ Rano argues that Sipa materially breached the licensing agreement and that the breach gave him the right to terminate the agreement. Although licensing agreements are not terminable at will, under federal and state law a material breach of a licensing agreement gives rise to a right of rescission which allows the non-breaching party to terminate the agreement. *Costello Publishing Co. v. Rotelle,* 670 F.2d 1035, 1045 (D.C.Cir.1981); 3 Nimmer § 10.15[A] at 112. After the agreement is terminated, any further distribution would constitute copyright infringement. *Costello,* 670 F.2d at 1045.

▆▆ Here, it is clear that Rano attempted to rescind the agreement. The question is whether he had the right to rescind. A breach will justify rescission of a licensing agreement only when it is "of so material and substantial a nature that [it] affect[s] the very essence of the contract and serve[s] to defeat the object of the parties.... [The breach must constitute] a total failure in the performance of the contract." *Affiliated Hospital Products,* 513 F.2d at 1186; *Nolan v. Williamson Music, Inc.,* 300 F.Supp. 1311, 1317 (S.D.N.Y.

1969), *aff'd sub. nom. Nolan v. Sam Fox Publishing Co.,* 499 F.2d 1394 (2d Cir. 1974); 3 Nimmer § 10.15[A] at 116–18.

Rano has not provided evidence sufficient to withstand summary judgment on this issue. Rano points to a number of acts that he contends constitutes a material breach, but only those acts preceding Rano's purported termination on March 12, 1987 are relevant. These acts include Sipa's alleged failure to pay royalties, failure to return negatives, and failure to credit for the Sara Ferguson photograph. The first two breaches claimed by Rano, upon which he relies most heavily, are not supported by the record. Sipa actually paid Rano 99.99% of the royalties due him up to approximately the time Rano sought to terminate the licensing agreement, excluding royalties due for photos published in the United States from 1985 to 1986. Of the latter, Sipa paid 86.85% of the royalties due. As to the second alleged breach, nothing in the letters evidencing the oral contract between the parties provided for a return of Rano's negatives on demand. Rano merely points to a letter from Sipa stating that the negatives would be filed at its offices and "could be returned if necessary, although [Sipa] would want to keep them for a while." Finally, Rano provides no evidence to support his claim that he was due credit for the photograph of Sara Ferguson. Sipa provided evidence that the photograph was taken by another journalist; the duty was on Rano to show there was a genuine issue as to this fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322–24, 106 S.Ct. 2548, 2552–54, 91 L.Ed.2d 265 (1986).

▆▆ Even if we found Rano's allegations had merit, however, we could not conclude that Sipa materially breached the licensing agreement in light of the fact that the parties enjoyed a harmonious eight-year relationship (in which Rano received royalties and credit for his work). "After considerable performance, a slight breach which does not go 'to the root' of the contract will not justify termination." Wit-

kin Summary of California Law § 795 (9th ed. 1987); *see Whitney Inv. Co. v. Westview Dev. Co.*, 273 Cal.App.2d 594, 78 Cal. Rptr. 302, 307 (1969); Restatement (First) of Contracts § 275 (1932).

## V. *Failure To Affix a Proper Copyright Notice.*

■ Rano argues Sipa affixed an improper copyright notice on the negatives it distributed to various publications. The district court found that although this claim properly alleged a copyright violation, as a matter of law the notice given was adequate. The court, however, relied on *Fantastic Fakes, Inc. v. Pickwick Int'l, Inc.*, 661 F.2d 479 (5th Cir.1981), a case which is not dispositive. *Fantastic Fakes, Inc.* involved licensee's mistaken designation of itself as copyright proprietor. *Id.* at 481, 486. In that case, the validity and ownership of the copyright was not affected. *Id.* In the case before us, however, Sipa failed to affix the year of publication on a number of photographs. Such an omission generally deprives work of copyright protection. *See* 17 U.S.C. § 405; 3 Nimmer § 7.03. Although Sipa alleges a number of possible defenses, because of the factual nature of these issues, we are unable as a matter of law to find that there is no material issue of fact as to whether the notice was adequate. Accordingly, we reverse the district court's grant of summary judgment as to this issue.

## VI. *Personal Jurisdiction Over Sipahioglu.*

### A. Standard of Review.

■ A district court's determination that personal jurisdiction cannot properly be exercised is a question of law reviewable de novo when the underlying facts are undisputed. *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir.1986). A district court's factual findings on jurisdictional issues must be accepted unless they are clearly erroneous. *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir.1989). Rano bears the burden of establishing a prima facie case supporting in personam jurisdiction. *Data Disc, Inc. v. Systems Technology Assocs., Inc.*, 557 F.2d 1280, 1285 (9th Cir.1977).[3]

### B. Analysis.

The district court dismissed the claim against Sipahioglu because it found it lacked personal jurisdiction over him. Sipahioglu is a citizen of Turkey and a longtime resident of France. His ties to California include three short visits to California in the last seven years, totaling six days. None of Sipahioglu's visits to California involved Rano or his photographs.

■ There is no applicable federal statute governing personal jurisdiction in this matter, hence the law of the state in which the district court sits—California— applies. *See Hylwa, M.D., Inc. v. Palka*, 823 F.2d 310, 312 (9th Cir.1987). California has adopted a typical "long-arm" statute, rendering jurisdiction coextensive with the outer limits of due process. *Data Disc*, 557 F.2d at 1286; Cal.Code Civ.Proc. § 410.10.

■ A state may assert either general or specific jurisdiction over a nonresident defendant. If the defendant's activities in the state are "substantial" or "continuous and systematic," general jurisdiction may be asserted even if the claim is

---

**3.** It is well established that where the district court relies solely on affidavits and discovery materials, the plaintiff need only establish a prima facie case of jurisdiction. *See Fields v. Sedgwick Associated Risks, Ltd.*, 796 F.2d 299, 301 (9th Cir.1986). If the trial court holds an evidentiary hearing or the case proceeds to trial, however, the burden on the plaintiff shifts to the preponderance of the evidence. *Haisten*, 784 F.2d at 1396 & n. 1; *Forsythe v. Overmyer*, 576 F.2d 779, 781 (9th Cir.), *cert. denied*, 439 U.S. 864, 99 S.Ct. 188, 58 L.Ed.2d 174 (1978). Although in this case the district court did hear oral argument on the issue of personal jurisdiction, the argument centered on issues of law and no evidence was presented.

unrelated to the defendant's activities. *Data Disc,* 557 F.2d at 1287. Rano does not argue that Sipa is subject to general jurisdiction; instead, Rano relies on specific jurisdiction.

 Under specific jurisdiction, a court may assert jurisdiction for a cause of action that arises out of the defendant's forum-related activities. *Haisten,* 784 F.2d at 1392. In *Haisten* we established a three-part test for determining when a court can exercise specific jurisdiction:

(1) the defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;

(2) the claim must arise out of or result from the defendant's forum-related activities;

(3) exercise of jurisdiction must be reasonable. *Haisten,* 784 F.2d 1392 (citing *Pacific Atl. Trading Co. v. M/V Main Express,* 758 F.2d 1325, 1327 (9th Cir. 1985)). Rano must show that all three prongs are satisfied for us to assert personal jurisdiction. *Pacific Atl. Trading Co.,* 758 F.2d at 1329 (requirements are conjunctive).

Rano contends that Sipahioglu caused and profited from Sipa's grant of licenses of Rano's photographs to magazine publications that he knew would be distributed in California. This is enough, Rano argues, to satisfy the "purposeful availment" and "arising out of" requirements of *Haisten.*

We disagree. Sipahioglu could not have foreseen Rano's fortuitous move from Europe to California. *See Pacific Atl. Trading Co.,* 758 F.2d at 1329 (no basis to assume foreseeability of suit in California based on agreement signed in Malaysia). Further, there is no evidence that Sipahioglu invoked any of the benefits or protections of California's laws. Rano's argument, if accepted, would render Sipahioglu,

and other foreign owners of art who sell their products to publications, amenable to personal jurisdiction in every state in which their art eventually is displayed. We have held that litigation against an alien defendant requires a higher jurisdictional barrier than litigation against a citizen from a sister state. *Frank Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1199 (9th Cir. 1988) (citing cases); *Pacific Atl. Trading Co.,* 758 F.2d at 1330 (" 'foreign-acts-with-forum-effects jurisdictional principle "must be applied with caution, particularly in an international context" ' ") (citations omitted).

We find that Rano has not satisfied the burden of establishing personal jurisdiction over Sipahioglu; hence we affirm the district court's dismissal of the claims against Sipahioglu.

## VII. *State Law Claims.*

 The district court dismissed Rano's state law claims of malicious conversion and intentional interference with economic relationship because it found the "claims would predominate in terms of proof or scope of issues raised and in terms of remedies sought; would likely confuse the jury; and would impede the interests of judicial economy, convenience, and fairness to the parties." The district court also dismissed Rano's breach of contract claim for lack of pendent jurisdiction. On appeal, Rano has abandoned his claim for intentional interference with economic relationship, but asks that we order the district court to reconsider his remaining state claims.

 Pendent jurisdiction is a discretionary doctrine. *Juras v. Aman Collection Serv., Inc.,* 829 F.2d 739, 744 (9th Cir.1987), *cert. denied,* 488 U.S. 875, 109 S.Ct. 192, 102 L.Ed.2d 162 (1988). Our decision revives Rano's copyright infringement claim as to copyright notice. On remand, the district court should reconsider exercising pendent jurisdiction over Rano's state law claims for malicious conversion and breach of contract. *See id.* at 745.

## VIII. *Attorney's Fees on Appeal.*

 Rano seeks attorney's fees on appeal based on 17 U.S.C. § 505. That section of the Copyright Act permits a district court, in its discretion, to award attorney's fees to the prevailing party in a copyright action. *See McCulloch v. Albert E. Price, Inc.,* 823 F.2d 316, 322 (9th Cir.1987). This request is premature. Attorney's fees denied.

## IX. *Costs on Appeal.*

No costs allowed.

## CONCLUSION

We affirm the district court's grant of summary judgment in favor of Sipa on the issue of copyright infringement as to Rano's claims based on material breach.

We reverse the district court's grant of summary judgment in favor of Sipa as to Rano's claim for improper copyright notice and remand for further proceedings consistent with this opinion.

We affirm the district court's dismissal of Goskin Sipahioglu for lack of personal jurisdiction.

REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.