29 F.3d 634
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thornton TICE, doing business as Kama'aina News, Plaintiff-Appellant,
v.
David HOFF; Maui Publishing Co., publishers of Maui News,
Defendants-Appellees.
 No. 92-15786.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Nov. 1, 1993.
Submitted June 3, 1993.
Decided June 28, 1994.
 
 1
 Before: POOLE, WIGGINS, T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Appellant Thornton Tice, doing business as the Kama'aina News ("Appellant"), appeals the district court's entry of summary judgment against him in his antitrust action against the Maui News and its editor, David Hoff ("Appellees"). We affirm.
 
 
 4
 Actions founded on federal antitrust law must allege certain facts in order to establish that the federal courts have jurisdiction under the Sherman Act. Section 2 of the Sherman act makes it illegal to monopolize "any part of the trade or commerce among the several States...." 15 U.S.C. Sec. 2. The Supreme Court has stated that:
 
 
 5
 jurisdiction may not be invoked under [the Sherman Act] unless the relevant aspect of interstate commerce is identified; it is not sufficient merely to rely on identification of a relevant local activity and to presume an interrelationship with some unspecified aspect of interstate commerce. To establish jurisdiction a plaintiff must allege the critical relationship in the pleadings ...
 
 
 6
 McLain v. Real Estate Bd. of New Orleans, 444 U.S. 232, 242 (1980). The Ninth Circuit has interpreted McLain to require that the plaintiff show "as a matter of practical economics" that the defendant's activities, taken as a whole, "have a not insubstantial effect on the interstate commerce involved." Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1291 (9th Cir.1981). More recently, the test was liberalized somewhat by Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 111 S.Ct. 1842 (1991) aff'g Pinhas v. Summit Health, Ltd., 894 F.2d 1024 (9th Cir.1989). The majority there held that "[t]he competitive significance of [plaintiff's] exclusion from the market must be measured, not just by a particularized evaluation of his own [business,] but rather, by a general evaluation of the impact of the restraint on other participants and potential participants in the market from which he has been excluded." 500 U.S. at ----, 111 S.Ct. at 1848.
 
 
 7
 Appellant's complaint contains only one reference to interstate commerce. It alleges that defendant Hoff caused Maui News to publish his editorial "for general distribution and via instrumentalities of interstate commerce." That statement does not suffice as identification of the aspect of interstate commerce affected, both because of its vagueness and because the local activity from which Appellant is allegedly being excluded has no apparent connection to distribution by instrumentalities of interstate commerce. Appellant, who denies any competition for potential subscribers, distributes his paper for free, though he does aspire to sell it once he can afford boxes for vending the publication. Appellant has not indicated how his alleged exclusion from the market would affect any distribution by the "instrumentalities of interstate commerce."
 
 
 8
 Indeed, Appellant maintains that the relevant market is for advertising targeted narrowly at the residents of the island of Maui. In addition, the specific exclusionary behavior alleged--denial of access to the only printing facilities on Maui and inducing a secondary boycott by readers on Maui--is also limited by its own terms to a locale that is only a fraction of the state of Hawaii. Though that market is decidedly local in nature, it does not prohibit Appellant from establishing that it somehow affects interstate commerce. Palmer, 651 F.2d at 1291. Nor must Appellant prove an actual effect on interstate commerce. Summit Health, 500 U.S. at ----, 111 S.Ct. at 1848. He must only show a potential, but "not insubstantial," impact if the complained-of actions succeed. McLain, 444 U.S. at 246.
 
 
 9
 However, Appellant has not suggested any such impact. Our own inquiry reveals that the only evidence in the record pertinent to the market from which Appellant claims he was excluded is a list of those who have advertised in the Kama'aina News. Out of approximately 150 advertisers, only four have addresses outside Hawaii. This evidence only indirectly addresses the effect of Appellee's allegedly exclusionary tactics, the focus of the jurisdictional inquiry, and is therefore of questionable value. Moreover, it fails to establish any substantial impact on interstate commerce. Four customers, fewer than three percent of those who have ever advertised with Appellant, and perhaps a smaller proportion by dollar value,[1] is an "insubstantial" impact on interstate commerce if there ever was one.
 
 
 10
 When given the opportunity, after argument, to brief the issue of Sherman Act jurisdiction, Appellant failed once again to allege any connection to interstate commerce other than a conclusory assertion that the Maui News was "a business in interstate commerce." Appellant chose not to file a reply brief even after Appellees cited case law holding that such conclusory allegations are not sufficient to bring the action within the scope of the Sherman Act. See Thornhill Publishing Co. v. General Tel. & Elec., 594 F.2d 730, 738 (9th Cir.1979).
 
 
 11
 Though we are loath to resolve an action on such grounds, we must conclude that Appellant cannot present any facts establishing that the actions of which he complains fall within the scope of the Sherman Act. The district court and this court are therefore without jurisdiction to consider the merits of either the claims raised under that statute or the pendent claims. The district court originally entered summary judgment against Appellant on the merits, but such a disposition is also appropriate for a failure to establish jurisdictional facts under the Sherman Act, see Thornhill Publishing, 594 F.2d at 739, and this court may affirm on any ground fairly presented by the record. Rano v. Sipa Press, Inc., 987 F.2d 580, 584 (9th Cir.1993). We therefore conclude that Appellant stated no claim upon which relief could be granted and AFFIRM the judgment entered against the Appellant.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that two of the four out-of-state advertisers are non-profit advocacy groups. There is no evidence to suggest that these out-of-state advertisers were repeat customers for Appellant's services