73 F.3d 369
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Richard H. LAFON; George M. Turner; Personal
Representative of the Estate of Richard H. LaFon,
Plaintiffs-Appellants
v.
AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA;
Maginnis and Association; CNA Insurance,
Defendants-Appellees.
 No. 94-55679.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1995.*
Decided Dec. 22, 1995.
 
 Before: ALDISERT**, FARRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 In this action arising out of a liability insurance policy, Richard H. Lafon appeals from a district court order ranting summary judgment to American Casualty Company of Reading, Pennsylvania. We affirm the district court and draw generously from its order.
 
 I.
 
 3
 Appellee provided liability insurance coverage for directors and officers of the National Association of Rehabilitation Professionals in the Private Sector. Appellant was one of the National Association's founders in 1977 and served as its president from 1981 to 1984. As former president, Appellant retained a position as an honorary member of the National Association's Executive Board in a non-voting (ex officio ) capacity. After his term as president, Appellant started a business, LaFon Management Consulting, which contracted with the National Association to provide Executive Director services.
 
 
 4
 In July 1990, Appellant filed a lawsuit against, inter alia, the National Association. In March 1992, the parties to that litigation settled their claims. In that litigation, Appellee took the position that it need not indemnify for the claim or settlement, because the lawsuit was between its insureds, and the liability policy contained an "Insured vs. Insured Exclusion." As part of the settlement between Appellant and the National Association in the underlying litigation, the National Association assigned to Appellant any claims the National Association held against the Appellee under its liability policies. The instant action arises out of Appellant's attempt to enforce the assigned right.
 
 
 5
 The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1332. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. Appeal was timely filed under Rule 4(a), Federal Rules of Appellate Procedure. We review de novo the district court's grant of summary of judgment. Rano v. Sipa Press, Inc., 987 F.2d 580, 584 (9th Cir.1993).
 
 II.
 
 6
 The major question for decision is whether the claims made by Appellant in the underlying litigation fall within an "Insured vs. Insured Exclusion" to the professional liability insurance policy issued by the Appellee to the National Association in 1989. We conclude that the exclusion bars coverage.
 
 
 7
 Under California law, the construction and effect of a written insurance contract is a matter of law to be determined by the court. Delgado v. Heritage Life Ins. Co., 157 Cal.App.3d 262, 271 (1984). The Court will construe the policy language according to its plain, ordinary and popular meaning. Producers Daily Deliv. Co. v. Sentry Ins. Co., 41 Cal.3d 903, 912 (1986). Where a policy provision is free and clear of ambiguity, that provision controls judicial interpretation. AIU Ins. Co. v. Superior Court, 51 Cal.3d 807, 822 (1990). Although ambiguous language is generally construed against an insurer and in favor of coverage, Producers Dairy, 41 Cal.3d at 912, the courts will not adopt a strained or forced interpretation to find an ambiguity where none exists. Reserve Ins. Co. v. Pisciotta, 30 Cal.3d 800, 807 (1982).
 
 
 8
 The unambiguous language in the instant clause provides:
 
 
 9
 It is understood and agreed that the INSURER shall not be liable to make any payment for LOSS ... which is based upon or attributable to any claim made against the ENTITY and/or any INSURED by any other INSURED and/or the ENTITY * * *
 
 
 10
 Appellant concedes that the policy defines the National Association as "ENTITY," thus the only question is whether Appellant is an "INSURED." The policy's definition of "INSURED" is broad and includes "any individual who was, now is, or shall be a director, officer, trustee ...". Policy at p IV(B).
 
 
 11
 Appellant falls squarely within the policy's definition of insured. Appellant was an officer of the National Association, serving as its President from 1981 to 1984; Appellant also was a director of the National Association, providing executive director services from 1984 to 1990 and "personally serv[ing] as Executive Director." Indeed, Appellant signed the application for the instant insurance policy as the Executive Director and is designated therein to receive notices from the insurer. Accordingly, Appellant is an insured, and the exclusion applies.
 
 III.
 
 12
 Appellant argues that the exclusion does not apply because there is ambiguous language in an earlier insurance policy that creates an issue of material fact. There is no ambiguity and thus no issue of material fact. The instant policy is a "claims-made" policy that applies to claims first made while that policy is in force. This policy was effective when Appellant filed his complaint on or about March 12, 1990. Accordingly Appellant's arguments that the provisions of an earlier policy are ambiguous are of no moment here.
 
 IV.
 
 13
 We have considered all arguments advanced by the parties and conclude that no further discussion is necessary.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Ruggero J. Aldisert, Senior Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts in this circuit except as provided by Ninth Circuit Rule 36-3