117 F.3d 1427
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Roderic M. WRIGHT, Plaintiff-Appellant,
v.
Barry L. BONDS; Jeffrey Borris; Dennis Gilbert; Beverly
Hills Sports Council, Defendants-Appellees.
 No. 96-55586.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 3, 1997.
July 3, 1997.
 
 Appeal from the United States District Court for the Central District of California William D. Keller, District Judge, Presiding
 Before: BROWNING, FLETCHER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Section 1510 of the California Labor Code requires all athlete agents to register with the Labor Commissioner. Wright, who never registered, claims he was exempt because he was a lawyer. See Cal. Lab.Code § 1500(b) (defining "athlete agent" not to include California Bar members "when acting as legal counsel.") However, Wright was not acting as Bonds' legal counsel. Not only would some provisions of the Wright-Bonds contract have been illegal if entered into between a lawyer and client, but the contract specifically excluded legal work. Wright also used the stationery of his sports management firm--as opposed to his law firm--in corresponding with Bonds. Wright's argument that lawyers need never register renders the "when acting as legal counsel" language in section 1500 meaningless. The contract is void, see Cal. Lab.Code § 1546, and this defeats Wright's breach of contract and tortious interference with contract claims.
 
 
 3
 To prove interference with prospective economic advantage, Wright must show that Borris, Gilbert or BHSC (collectively BHSC) engaged in some wrongful conduct beyond mere interference. Della Penna v. Toyota Motor Sales, U.S.A., Inc., 902 P.2d 740, 751 (Cal.1995). BHSC moved for summary judgment claiming no wrongful conduct occurred. Wright tried to meet his burden under Celotex Corp. v. Catrett, 477 U.S. 317 (1986), by showing that BHSC contacted Bonds and then tried to hide the fact; that Bonds made false claims against Wright soon after talking to BHSC; and that BHSC had a history of contacting athletes under contract to other agents. This comes nowhere near proving that BHSC acted wrongfully; if introduced at trial, this evidence could not support a verdict for interference with prospective economic advantage. While the District Court granted summary judgment on other grounds, we can affirm on any basis fairly supported by the record. Rano v. Sipa Press, Inc., 987 F.2d 580, 584 (9th Cir.1993).
 
 
 4
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3