GLENDALE ADVENTIST MEDICAL CENTER, Plaintiff–Appellant,

v.

Tommy THOMPSON,* Secretary, in his official capacity as Secretary of the U.S. Department of Health & Human Services, Defendant–Appellee.

No. 99–56934.
D.C. No. CV–98–03950–CBM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 13, 2000.

Decided March 28, 2001.

---

* Pursuant to Fed. R.App. P. 43(c), Tommy Thompson is automatically substituted as a party respondent for Donna E. Shalala.

Before RYMER, T.G. NELSON, and WARDLAW, Circuit Judges.

### MEMORANDUM **

■ Glendale Adventist Medical Center ("GAMC") appeals from the award of summary judgment on its petition for judicial review of a final decision of the Administrator (the "Administrator") of the Health Care Financing Administration (the "HCFA"), acting for the Secretary of Health and Human Services, Tommy Thompson (the "Secretary").[1] GAMC challenges the Administrator's ruling that

to obtain premium reimbursements as Graduate Medical Education ("GME") Medicare expenses, the hospital must purchase a separate malpractice insurance policy to cover its interns and residents and not simply obtain separate coverage under its preexisting blanket policies. GAMC also claims that the district court erred in affirming the Administrator's decision because it establishes an unlawfully retroactive policy that is arbitrary and capricious.[2] Finally, GAMC appeals the denial of its Federal Rule of Civil Procedure 59(e) motion to reconsider.

We have jurisdiction under 28 U.S.C. § 1291 and we affirm. Because the parties are familiar with the underlying facts, we recount them only as necessary to explain our disposition.

## I. Administrative Procedure Act Challenges

### A. Retroactive Reimbursement Policy

■ GAMC's principal argument is that the Secretary impermissibly imposed a retroactive reimbursement requirement that is contrary to the preamble of the 1989 regulations implementing the 1986 GME Amendments. *See* 54 Fed.Reg. at 40301; *Regions Hosp. v. Shalala*, 522 U.S. 448, 464, 118 S.Ct. 909, 139 L.Ed.2d 895 (1998). GAMC contends that the Secretary's policy is impermissible because it was established through two administrative statements that were issued in 1990—namely the Instructions for Implementing Program Payments for Graduate Medical

---

** This disposition is inappropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Because the Administrator affirmed a statutory interpretation of the Secretary, we also refer to the Administrator's decision as the "Secretary's policy."

2. The district court denied GAMC's petition based on the Secretary's administrative ex-

haustion arguments and did not address the merits of this action. We may uphold the district court's decision on any ground fairly supported in the record. *Sec. Life Ins. v. Meyling*, 146 F.3d 1184, 1190 (9th Cir.1998); *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 584 (9th Cir.1993). Because GAMC's arguments were presented to the Administrator, are a part of the district court record, and have been adequately briefed on appeal by the parties, we review them here.

Education (the "1990 Audit Instructions") and the Questions and Answers Pertaining to Graduate Medical Education (the "Question and Answers").

■ It is undisputed that these documents are administrative interpretations of the 1986 GME Amendment. Under 42 U.S.C. § 1395oo (f), our review of the Secretary's policy, as presented in these interpretive statements, is governed by the Administrative Procedure Act ("APA"), codified at 5 U.S.C. § 701, *et seq.*, which requires us to set aside an agency action that is "arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law," or "unsupported by substantial evidence." 5 U.S.C. §§ 706(2)(A) & 706(2)(E); *see French Hosp. Med. Ctr. v. Shalala,* 89 F.3d 1411, 1416 (9th Cir.1996); *Vista Hill Found., Inc. v. Heckler,* 767 F.2d 556, 559 (9th Cir.1985). We must, however, accord substantial deference to the Secretary's interpretation of his own regulations, *see Thomas Jefferson Univ. v. Shalala,* 512 U.S. 504, 512, 114 S.Ct. 2381, 129 L.Ed.2d 405 (1994); *French Hosp.,* 89 F.3d at 1416, and "provided [the interpretation] does not violate the Constitution or a federal statute, it must be given 'controlling weight unless it is plainly erroneous or inconsistent with the regulation.'" *Stinson v. United States,* 508 U.S. 36, 45, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) (quoting *Bowles v. Seminole Rock & Sand Co.,* 325 U.S. 410, 414, 65 S.Ct. 1215, 89 L.Ed. 1700 (1945)).

To support its claim, GAMC relies heavily on *University of Iowa Hospitals & Clinics v. Shalala,* 180 F.3d 943 (8th Cir.1999), in which the Eighth Circuit held that the 1990 Audit Instructions created a retroactively unfair burden on providers by imposing a new documentation requirement on hospitals seeking to classify certain office administration costs as GME expenses. *Id.* at 952. Because it "attached new legal consequences," the Eighth Circuit struck down the new documentation requirement as violative of the retroactivity clause of the 1989 preamble. *Id.*

GAMC's case, however, is dissimilar to the facts of *University of Iowa Hospitals.* Here, no evidence in the record suggests that the Secretary actually has changed the preexisting practice by requiring the hospital to acquire a separate insurance policy for its interns and residents. Unlike in *University of Iowa Hospitals,* we lack evidence that the Secretary's policy "creates a new reimbursement principle," or "'change[s] the standards under which the base year costs are to be determined.'" *Id.* at 951. GAMC's argument is based entirely on the fact that the 1990 Audit Instructions and the Questions and Answers were published after the 1986 Amendments and 1989 regulations. This evidence is insufficient for a finding of retroactivity tantamount to that in *University of Iowa Hospitals* or as would be required by the standards of the APA.

GAMC alternatively urges us to apply the Eighth Circuit's test for retroactivity, arguing that the result would show that the Secretary's policy is impermissible. *See Univ. of Iowa Hosps.,* 180 F.3d at 951. We decline the invitation, however, because the test applied by the Eighth Circuit differs from our own. *Compare id., with Montgomery Ward & Co. v. FTC,* 691 F.2d 1322, 1333 (9th Cir.1982). In *Montgomery Ward,* we stated:

Among the considerations that enter into a resolution of the [retroactivity] problem are (1) whether the particular case is one of first impression, (2) whether the new rule represents an abrupt departure from the well established practice or merely attempts to fill a void in an unsettled area of law, (3) the extent to which the party against whom the new rule is applied relied on the former rule, (4) the degree of the burden which a retroactive order imposes on a

party, and (5) the statutory interest in applying a new rule despite the reliance of a party on the old standard.

*Montgomery Ward*, 691 F.2d at 1333 (citations omitted). Of particular importance to the inquiry here is the absence of evidence that the Secretary's policy is an "abrupt departure" from prior practice or that GAMC relied on some "former rule." *See id.* On the contrary, GAMC was clearly aware of the Secretary's policy as early as 1988 when its intermediary reclassified the hospital's intern and resident malpractice coverage costs from GME expenses to operating costs through a Notice of Provider Reimbursement ("NPR"). GAMC did not object to the NPR in 1988, nor did it object to the intermediary's cost classification in 1990 when the NPR was reopened. Accordingly, we hold that the Secretary's policy is not unlawfully retroactive.

### B. Separate Policies Requirement

GAMC also challenges the Administrator's alternative ruling that the hospital's intern and resident malpractice insurance costs failed to qualify as a reimbursable fringe benefit because GAMC "failed to demonstrate that the malpractice costs at issue were related to a malpractice policy, for its interns and residents, that was in addition to the general hospital malpractice policy which also included coverage for the interns and residents." *Glendale Adventist Med. Ctr. v. Blue Cross & Blue Shield Assoc./Blue Cross of Cal.*, 1998 WL 285793, at *8 n. 40 (P.R.R.B. Mar. 20, 1998), During the 1984–base year, GAMC insured all its employees under two malpractice insurance policies purchased through the General Conference Corporation of the Seventh–Day Adventists, but at no time did the hospital secure a separate malpractice policy for its interns and residents. GAMC claims the separate policies requirement is arbitrary and capricious because there is no substantive difference between procuring additional coverage under its existing blanket malpractice policies and purchasing another insurance policy for its interns and residents. To do so, argues GAMC, "elevate[s] form over substance."

However, in light of the deference we accord the Secretary when reviewing his interpretation of a Medicare statute, we find that the Secretary's policy is reasonable. As the Supreme Court instructs, "When a challenge to an agency construction of a statutory provision, fairly conceptualized, really centers on whether it is a reasonable choice within the gap left open by Congress, the challenge must fail." *Chevron, USA, Inc. v. Natural Res. Def. Council*, 467 U.S. 837, 865, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Our task is to determine whether the Secretary's interpretation "is based on a permissible construction of the statute" and to "not simply impose [our] own construction on the statute." *Id.* at 843. Accordingly, we find the Secretary's policy is reasonable and affirm the district court's grant of summary judgment.

### II. Rule 59(e) Motion

The district court did not abuse its discretion in holding that GAMC failed to comply with Local Rule 7.16 because the hospital did not cite any material change in fact or law unknown at the time of the district court's decision, nor did GAMC show the district court manifestly failed to consider material facts that had been presented. C.D. Cal Ct. R. 7.16; *see Pasatiempo v. Aizawa*, 103 F.3d 796, 800–01 (9th Cir.1996). Therefore, we affirm the district court's denial of GAMC's Rule 59(e) motion.

AFFIRMED.