**FRIENDS AND LOVERS, INC.,
a California corporation,
Plaintiff–Appellant,**

v.

**LIONS GATE FILMS, INC., a corporation; Universal Home Video, Inc., a corporation, Defendants–Appellees.**

No. 00–55190.

D.C. No. CV–99–10438–RAP (RNBx).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Aug. 9, 2001.

Decided Oct. 25, 2001.

Before HALL, MICHEL[1] and TROTT, Circuit Judges.

MEMORANDUM[2]

Plaintiff–Appellant Friends & Lovers, Inc. ("F & L"), appeals from the dismissal of its copyright infringement claim under Federal Rule of Civil Procedure 12(b)(6) and the dismissal of its pendant state law claims. Because the parties are familiar with the facts of this case, we do not recount them here.

The question in this case is whether F & L's termination of the Short Form Distribution Agreement terminated Lions Gate's license and resulted in a return of the rights in the Picture to F & L.

Absent an express reversion clause in the authorizing instrument, if a grantee under an assignment or exclusive license breaches a covenant of the authorizing instrument, such breach "will give rise to a reversion of rights to the grantor only if such breach is so material as to create a right of rescission in the grantor." 3 M. Nimmer and D. Nimmer, *Nimmer on Copyright*, § 10.15[A] (2000). "Upon such rescission, the assignment or license is terminated and the copyright proprietor may hold his former grantee liable as an infringer for subsequent use of the work. Failing such rescission, by contrast, the grant continues in place, thus precluding infringement liability until such time as the copyright owner exercises its entitlement to rescind." *Id.; see also Fosson v. Palace (Waterland), Ltd.*, 78 F.3d 1448, 1455 (9th Cir.1996) ("[O]nce a non-breaching party to an express copyright license obtains and exercises a right of rescission by virtue of a material breach of the agreement, any further distribution of the copyrighted material would constitute infringement.") (citing *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 586 (9th Cir.1993)); *Walker v. University Books, Inc.*, 602 F.2d 859, 862 (9th Cir. 1979).

Under California Civil Code § 1691, rescission is only available if the rescinding party "restore[s] to the other party everything of value which he has received from him under the contract." Cal. Civ.Code § 1691; *see also LucasArts Entertainment Co. v. Humongous Entertainment Co.*, 815 F.Supp. 332, 337 (N.D.Cal.1993); *Grant v. Aerodraulics Co.*, 91 Cal.App.2d 68, 204 P.2d 683, 686 (1949) ("[T]he word 'rescind' ... conveys a retroactive effect [and means] to restore the parties to their

---

**1.** The Honorable Paul R. Michel, Circuit Judge for the Federal Circuit, sitting by designation.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

former position.").  F & L has not alleged that it rescinded the Agreement with Lions Gate. Indeed, F & L admitted to the district court that it could not rescind under California law because Lions Gate had already released the Picture. *See* Transcript 12/6/99, ER Tab 5 at 6–7.  Because F & L admits that it has no right of rescission, the rights to the picture have not reverted to F & L. Therefore, F & L is unable to maintain a copyright infringement action against Lions Gate. Because the district court's dismissal of F & L's federal claim was proper, the pendent state claims were properly dismissed as well.

AFFIRMED.

---

\* The panel unanimously finds this case suitable for decision without oral argument.  Fed. R.App.P. 34(a)(2).

\*\* The Honorable Robert E. Cowen, Senior United States Circuit Judge for the U.S. Court of Appeals for the Third Circuit, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.