
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| YAMIL MORALES, | No. 14-15289 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-02102-LRH-NJK |
| v. | |
| ARIA RESORT & CASINO, LLC, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted March 17, 2016[**]
San Francisco, California

Before: BYBEE and N.R. SMITH, Circuit Judges and HELLERSTEIN,[***] Senior District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

The district court granted summary judgment for Aria Resort & Casino, LLC, holding that Morales is obligated to pay Aria $500,000, plus interest and statutory damages, under a credit agreement he signed. Morales raises two arguments on appeal. First, he argues that he is relieved from his obligation to pay Aria because Aria materially breached the credit agreement. Second, he contends that the district court was wrong to rely on an unauthenticated copy of the credit agreement when granting summary judgment. We find no merit to either argument and affirm.

1. Morales argues that he is no longer obligated to pay Aria back because Aria materially breached the credit agreement. This alleged material breach consists of Aria debiting a bank account different from the one Morales had indicated in his credit application.

Aria did not materially breach the credit agreement because it had no duty to debit any specific bank account. Morales signed markers authorizing the Aria to debit *any* of Morales's bank accounts, whether or not he specified them in his credit application. Further, as explained by the district court, nothing in the parties' credit agreement obligated Aria to present the markers to Morales's bank in the first place.

Even if Aria had a duty to debit a certain bank account, no reasonable jury could find such a breach was so material that it absolved Morales of his obligation to pay. To relieve a party of having to perform under a contract, the other party's breach must be of "so material and substantial a nature that [it] affect[s] the very essence of the contract and serve[s] to defeat the object of the parties." *Rano v. Sipa Press, Inc.,* 987 F.2d 580, 586 (9th Cir. 1993) (alterations in original) (citation omitted).

Here, the essence of the parties' credit agreement was that Aria would loan Morales money and that Morales would pay that money back. Morales submitted no evidence from which a jury could find that the Aria attempting to debit the wrong bank account "affect[ed] the very essence of the contract." Debiting the wrong account is, at best, tangential to the primary object of the parties' credit agreement: the loan of money and the repayment of that money.

2. Morales also argues the district court erred by relying on an unauthenticated copy of the credit agreement when granting summary judgment. Morales has not shown that the district court abused its discretion in finding that the document was authentic. *See* Fed. R. Evid. 901(a) (stating that the authentication requirement is met when there is "evidence sufficient to support a finding that the item is what the proponent claims it is"); *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir.

3

2002) (discussing authentication requirements in the summary judgment context). Aria submitted an affidavit attesting to the authenticity of the credit agreement. Aria also offered to submit an original copy to the court (and to Morales) if there was any question about its authenticity. We cannot say the district court abused its discretion in finding that the copy was authentic.

But even if the agreement were not authentic, this would not create a genuine dispute of material fact precluding summary judgment for Aria. Morales admitted in deposition that he signed the credit agreement with Aria, that the agreement obligated him to pay Aria back, and that Morales never paid it. These are the only facts *material* to whether Aria was entitled to summary judgment, and Morales has not put any of them into dispute.

**AFFIRMED.**

4