[No. 51292–2.   En Banc.   March 27, 1986.]

KENNETH W. KLICKMAN, ET AL, *Appellants,* v. TITLE
GUARANTY CO. OF LEWIS COUNTY, ET AL,
*Respondents.*

*Stephen T. Carmick* and *Lewis A. Hutchison,* for appellants.

*Moore, Tiller, Fagerness & Wheeler,* by *Laurel L. Tiller,* and *Joseph D. Puckett* and *Janet Gray* (of *Short & Cressman*), for respondents.

DURHAM, J.—Kenneth Klickman (appellant) brings this indemnification action against Title Guaranty Co. of Lewis County and Pioneer National Title Insurance Co. (collectively referred to as respondent) alleging negligence and breach of contract. Appellant contends that respondent,

prior to issuing a preliminary commitment for title insurance, should have discovered and informed him of a written agreement affecting the sale of certain property. The trial court granted respondent's motion for summary judgment, and the Court of Appeals then certified the case to this court. We affirm the trial court.

Appellant is the son of George and Verna Klickman and the nephew of Herman Klickman. On August 1, 1957, Herman, George and Verna purchased approximately 20 acres of farm property. On May 26, 1958, Herman conveyed his interest in the property to George and Verna. Five days later, on May 31, 1958, the three signed an agreement providing that, if the property were later sold during Herman Klickman's lifetime, he was to receive one–third of the proceeds. The agreement was recorded in the auditor's office. Following the deaths of George and Verna Klickman, appellant (along with a brother and two sisters who are not parties to this action) inherited the property.

At some time after February 1975, Herman Klickman mailed to appellant a copy of the agreement. Since the agreement does not specify the particular property to which it applies, appellant asserts that he was not then aware of the document's significance. Early in 1976, appellant decided to sell the property he had received from his parents. On January 6, 1976, respondent issued a preliminary commitment for title insurance, a copy of which appellant received through his broker. The preliminary commitment did not mention the agreement nor indicate any effect the agreement would have on a sale of the property. On March 16, 1976, appellant sold the property to Ray and Doris Haskins for $47,000 and respondent then issued the title insurance policy to the Haskins.

On June 3, 1977, Herman Klickman filed suit in Multnomah County, Oregon. He sought a constructive trust, pursuant to the agreement, on one–third of the net proceeds derived from appellant's sale of the property to the Haskins. The trial court awarded him $6,000; the Oregon Court of Appeals recomputed the award to be approxi-

mately $12,000. *Klickman v. Klickman,* 51 Or. App. 457, 625 P.2d 1377 (1981).

Appellant then filed the present suit against respondent seeking indemnification. Appellant claims that respondent had a duty to adequately search the real estate records; that respondent breached this duty; that as a result, the preliminary commitment failed to mention either the existence of the agreement or, more importantly, its significance; and that appellant had relied on the accuracy of the preliminary commitment in deciding to sell the property to the Haskins. Thus, appellant contends that respondent is liable to him for the amount of the judgment he was ordered to pay to Herman Klickman under the agreement. Appellant's action against respondent alleges both negligence and breach of contract.

We turn first to the negligence claim. In two recent cases this court has been asked to decide if a title insurance company, in issuing a preliminary commitment for title insurance, acts as an abstractor of title with a duty to disclose all discoverable title defects. *Transamerica Title Ins. Co. v. Johnson,* 103 Wn.2d 409, 693 P.2d 697 (1985); *Shotwell v. Transamerica Title Ins. Co.,* 91 Wn.2d 161, 588 P.2d 208 (1978). In *Johnson,* as in the present case, the seller brought the negligence claim, contending that a duty to disclose title defects extended to him as well as to the buyer/insured. However, in both *Johnson* and *Shotwell,* we deferred a decision as to the existence of such a duty because both cases could be resolved on alternative grounds. Appellant asks us to resolve this issue here. We decline, because such a discussion in the context of this case would constitute dicta.

■ Put simply, the agreement here is not a title defect because it does not affect title. The agreement merely gives Herman Klickman a lien on one–third of the *proceeds* derived from a sale of the property in question. It does not give Herman Klickman any interest in the property, nor does it give him the right to disturb the buyers in their possession of the property. In short, the buyers could not

possibly be affected by the terms of the agreement.

The preliminary commitment for title insurance is issued primarily for the benefit of the buyer to inform him of what will be covered by the title insurance policy. *See Johnson,* at 411 n.1. Hence, there is no basis for imposing on the title insurance company a duty to include items in the preliminary commitment that can be of no concern to the buyer. Appellant's claim alleging that respondent was negligent in failing to inform him of the agreement must, therefore, be dismissed.

We likewise dismiss appellant's claim for alleged breach of contract. The only contractual obligations respondent has assumed are those expressed in the policy of title insurance. This policy gives contract rights only to the insured/purchasers. No privity of contract exists between appellant and respondent. *See Johnson,* at 412.

For the foregoing reasons, the judgment of the trial court is affirmed.

DOLLIVER, C.J., and UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and GOODLOE, JJ., concur.