**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE GUADALUPE PEREZ-FARIAS;
JOSE F. SANCHEZ; RICARDO
BETANCOURT, and all other
similarly situated persons,
            *Plaintiffs-Appellants,*

            v.

GLOBAL HORIZONS, INC; JANE DOE
ORIAN; PLATTE RIVER INSURANCE
COMPANY; VALLEY FRUIT
ORCHARDS, LLC; GREEN ACRE
FARMS, INC.; MORDECHAI ORIAN,
            *Defendants-Appellees.*

No. 10-35397

D.C. No.
2:05-cv-03061-
RHW
Eastern District of
Washington,
Spokane

ORDER

Filed December 5, 2011

Before: Richard R. Clifton and N. Randy Smith,
Circuit Judges, and Edward R. Korman,
Senior District Judge.*

## ORDER

We certify to the Washington Supreme Court the questions set forth in Part III of this order.

Further proceedings in this court are stayed pending receipt of the answer to the certified questions. This case is withdrawn from submission until further order of this court or an order declining to accept the certified questions. If the Wash-

*The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for Eastern New York, sitting by designation.

ington Supreme Court accepts the certified questions, the parties will file a joint report six months after the date of acceptance, and every six months thereafter, advising us of the status of the proceeding.

## I.

Pursuant to Washington Revised Code § 2.60.020, a panel of the United States Court of Appeals for the Ninth Circuit (before which this appeal is pending) certifies to the Washington Supreme Court questions of law regarding the proper interpretation of the Washington Farm Labor Contractor Act (FLCA), in particular Washington Revised Code § 19.30.170(2). No published decision of either the Washington Supreme Court or the Washington appellate courts has interpreted the relevant provisions of this statute to date, and the answers to the certified questions are "necessary . . . to dispose of" this appeal. Wash. Rev. Code § 2.60.020. We respectfully request that the Washington Supreme Court answer the certified questions presented in part III of this order. Our phrasing of the issues is not meant to restrict the court's consideration of the case, and "[w]e acknowledge that the Washington Supreme Court may, in its discretion, reformulate the question[s]." *Parents Involved in Community Schools v. Seattle School Dist, No. 1*, 294 F.3d 1085, 1087 (9th Cir. 2002) (internal quotation marks omitted). Should the Washington Supreme Court decline certification, "we will resolve the issue[s] according to our perception of Washington law." *Id.*

## II.

Jose Guadalupe Perez-Farias, Jose F. Sanchez, and Ricardo Betancourt (Workers) are deemed the petitioners in this request because the Workers appeal the district court's findings on these issues. The caption of the case is:

JOSE GUADALUPE PEREZ-FARIAS; JOSE F. SAN-
CHEZ; RICARDO BETANCOURT, and all other similarly
situated persons, Plaintiffs-Appellants,

v.

GLOBAL HORIZONS, INC.; JANE DOE ORIAN;
PLATTE RIVER INSURANCE COMPANY; VALLEY
FRUIT ORCHARDS, LLC; GREEN ACRE FARMS, INC.;
MORDECHAI ORIAN, Defendants-Appellees.

The names and addresses of counsel for the parties are as
follows:

Matthew Geyman, Phillips Law Group PLLC, Seattle, WA;
Lori Jordan Isley, Amy Crewdson, and Joachim Morrison,
Columbia Legal Services, Yakima, WA, for Plaintiffs-
Appellants.

Brendan V. Monahan and Justo G. Gonzalez, Stokes Law-
rence Velikanje Moore & Shore, Yakima, WA, for
Defendants-Appellees Valley Fruit Orchards, LLC and Green
Acre Farms, Inc.

Matthew S. Gibbs, Los Angeles, CA, for Defendant-
Appellee Mordechai Orian.

Cynthia Louise Rice, California Legal Assistance Founda-
tion, Sacramento, CA, for amici curiae California Rural Legal
Assistance Foundation, National Employment Labor Project,
and Pineros y Campesinos Unidos del Noroeste.

James S. Elliott, Velikanje Halverson, Yakima, WA, for
amici curiae Washington State Horticultural Association,
Yakima Valley Growers-Shippers Association, Wenatchee
Valley Traffic Association, Washington Farm Labor Associa-
tion, and Washington Growers League.

**III.**

The questions of law to be answered are:

(1) Does the FLCA, in particular Washington Revised Code § 19.30.170(2), provide that a court choosing to award statutory damages: (a) must award statutory damages of $500 per plaintiff per violation; or (b) has discretion to determine the appropriate amount to award in damages from among a range of amounts, up to and including statutory damages of $500 per plaintiff per violation?

(2) If the FLCA provides that a court, choosing to award statutory damages, must award statutory damages of $500 per plaintiff per violation, does that violate Washington's public policy or its constitutional guarantees of due process?

(3) Does the FLCA provide for awarding statutory damages to persons who have not been shown to have been "aggrieved" by a particular violation?

**IV.**

The statement of facts is as follows:

The Workers brought this action, as class representatives, against Global Horizons, Inc. (Global), Green Acre Farms, Inc., Valley Fruit Orchards, LLC (collectively Growers) and the Platte River Insurance Company on July 12, 2005. In their third amended complaint, the Workers alleged that the Growers and Global: (1) violated the Migrant and Seasonal Agricultural Workers Protection Act (AWPA), 29 U.S.C. §§ 1801-1872; (2) violated the FLCA, Washington Revised Code §§ 19.30.10 to 19.30.902; (3) wrongfully withheld wages under Washington Revised Code § 49.52.050; and (4) discriminated against the Workers based on race, in violation of 42 U.S.C. § 1981 and the Washington Law Against Discrimination, Washington Revised Code §§ 49.60.010 to 49.60.505.

The district court ultimately certified three subclasses, represented by the Workers, to pursue this action: (1) the Denied Work Subclass (397 local workers denied employment by Global in 2004); (2) the Valley Fruit Subclass (146 local workers hired by Global to work at Valley Fruit's orchards in 2004); and (3) the Green Acre Subclass (107 local workers hired by Global to work at Green Acre's orchards).[1]

The federal H-2A temporary agricultural program allows employers to hire nonimmigrant foreign workers (guest workers) to perform agricultural labor, but only if there are not enough local workers to do the work.[2] *See* 8 U.S.C. §§ 1101(a)(15)(H)(ii), 1188; 20 C.F.R. §§ 655.100 to 655.185. The Workers' allegations arose from the Growers' decision to use Global to supply the Growers with guest workers for the 2004 growing season under the H-2A program. Global allegedly recruited and hired some guest workers before obtaining approval from the Department of Labor and without first obtaining a farm labor contractor's license from Washington State. The Workers also alleged that Global and the Growers either fired local workers or withdrew offers to hire local workers in an effort to make room for the guest workers.

The Workers requested partial summary judgment on the FLCA and AWPA claims on May 25, 2007. The district court granted the motion for partial summary judgment, finding

---

[1]The district court based its final statutory damages award of approximately $235,000 on these revised class member numbers. For the initial statutory damages award of $1,857,000, the class member numbers were different.

[2]Agricultural employers may bring in guest workers under the H-2A program if the United States Department of Labor certifies that a labor shortage exists and that the wages of local workers will not be adversely affected. *See* 8 U.S.C. § 1101(a)(15)(H)(ii)(a); 20 C.F.R. §§ 655.100 to 655.185. Guest workers may not be employed in the United States unless the employer has obtained prior certification from the Department of Labor. *See* 8 U.S.C. § 1188(a)(1).

Global and the Growers had violated the FLCA and AWPA, and set the other claims for trial. Because Global and the Growers did not file responsive briefs to the Workers' motion for partial summary judgment, the court awarded the Workers statutory damages of $500 per violation under the FLCA. The total amount awarded was $1,857,000. The district court calculated the amount of statutory damages awarded as follows:

> U.S. Resident Workers Denied Work – 423 workers x 4 violations x $500 = $846,000.00;
>
> Valley Fruit – 169 workers x 7 violations x $500 = $591,500.00;
>
> Valley Fruit – 115 workers x 1 violation x $500 = $57,500.00;
>
> Valley Fruit – 24 workers x 1 violation x $500 = $12,000.00; and
>
> Green Acre – 100 workers x 7 violations x $500 – $350,000.00.

The Growers requested reconsideration of damages. The Growers admitted liability but challenged whether statutory damages of $500 should be given for each violation. The district court granted reconsideration and vacated the imposition of statutory damages for the FLCA claim.[3] The court set a date for a bench trial to determine the issue of damages as to that claim. In the same order, the court found Global's discovery abuses warranted entering case dispositive sanctions against it as to certain discrimination claims. Thereafter, a jury found Global liable for discrimination on the basis of race and national origin and awarded damages.

The district court then held a bench trial on the damages question. The court held that it had discretion under the FLCA

---

[3]The presiding judge died before considering the motions for reconsideration. The new presiding judge granted the motions.

to award no damages or to award an amount between $0 and $500 per violation. The court also stated that an award of $500 per violation could be construed to (1) violate the Growers' due process rights by mandating an award of "exorbitant amounts of statutory damages," and (2) "violate all notions of fairness inherent in our judicial system." In discussing its due process and fairness concerns, the court distinguished between technical violations of the FLCA, such as failing to put contact information of the employer on pay stubs, and substantive violations, which result in actual harm to the worker.

The district court also rejected the Growers' argument that statutory damages were not warranted for some violations, because the Workers could not show they were aggrieved. The court had previously concluded that "class members were aggrieved," and the Workers were asking "for liquidated statutory damages for class-wide claims." Citing *Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1310 (9th Cir. 1990), the court determined that it did not "need to make specific factual calculations of actual injury."

Based on the factors outlined in *Six (6) Mexican Workers*, the district court determined that an appropriate amount of statutory damages was approximately $235,000.00. The district court (using the revised class member numbers) calculated the amount of statutory damages awarded as follows:

| Denied Work Subclass Violation | No. of Members | Individual Award | Total |
|---|---|---|---|
| Failure to Provide Required Disclosures | 397 | $100 | $39,700 |
| Providing False and Misleading Information: transportation benefits and | 397 | $100 | $39,700 |

| | | | |
|---|---|---|---|
| production standards | | | |
| Employing H2-A Workers | 397 | 0 | 0 |
| Failing to Employ | 397 | $150 | $59,550 |
| **Total** | 397 | $350 | $138,950 |

| **Green Acre Subclass Violation** | **No. of Members** | **Individual Award** | **Total** |
|---|---|---|---|
| Failure to Provide Required Disclosures | 107 | $100 | $10,700 |
| Providing False and Misleading Information: transportation benefits and production standards | 107 | $100 | $10,700 |
| Employing H2-A Workers | 107 | 0 | 0 |
| Laying Off in violation of Clearance Order | 107 | $150 | $16,050 |
| Failure to Provide Written Reprimands | 107 | $10 | $1,070 |
| Failure to Provide Adequate Pay Statements – name and address | 107 | $10 | $1,070 |
| Failure to Pay Wages Due – Deducting Washington Sales Tax | 72 | [ ] | [total of $8,773.02 to Green Acre and Valley Fruit subclass members] |
| **Total** | 107 | $370 | $39,590 [plus |

|  |  |  | share of Deducting Sales Tax award] |
|---|---|---|---|
| **Valley Fruit Subclass Violation** | **No. of Members** | **Individual Award** | **Total** |
| Failure to Provide Required Disclosures | 146 | $100 | $10,700 |
| Providing False and Misleading Information: transportation benefits and production standards | 146 | $100 | $10,700 |
| Employing H2-A Workers | 146 | 0 | 0 |
| Laying Off in violation of Clearance Order | 146 | $150 | $21,900 |
| Failure to Provide Written Reprimands | 146 | $10 | $1,460 |
| Failure to Provide Adequate Pay Statements – name and address | 146 | $10 | $1,460 |
| Failure to Provide Adequate Pay Statements – itemization | 99 | $10 | $990 |
| Failure to Pay Wages Due – Deducting Washington Sales Tax | 49 | [ ] | [total of $8,773.02 to Green Acre and Valley Fruit subclass members] |

| | | | |
|---|---|---|---|
| Failure to Pay Wages Due – Not paying Approved Bin Rate of $19 in Pear Harvest | 24 | $100 | $2,400 |
| **Total** | | $480 | $49,610 [plus share of Deducting Sales Tax award] |

Global and the Growers again requested reconsideration, arguing that damages should be awarded only to class members actually aggrieved. The district court denied the motion for reconsideration. This appeal timely followed.

## V.

Because of the complexity of these state law issues and because of their significant policy implications, we believe that the Washington Supreme Court, which has not yet interpreted the relevant provisions of the FLCA, "is better qualified to answer the certified question[s] in the first instance." *See Parents Involved*, 294 F.3d at 1092. Additionally, the Washington Supreme Court's authoritative answers are "necessary . . . in order to dispose of [this] proceeding." Wash. Rev. Code § 2.60.020.

## VI.

The Clerk of the Court is hereby directed to immediately transmit to the Washington Supreme Court, under official seal of the Ninth Circuit, a copy of this order and request for certification and all relevant briefs and excerpts of record pursuant to Washington Revised Code §§ 2.60.010 and 2.60.030.

**IT IS SO ORDERED.**