**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

SEP 01 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CENTURION PROPERTIES III, LLC; SMI GROUP XIV, LLC, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CHICAGO TITLE INSURANCE COMPANY, a Nebraska company, <br><br> Defendant-Appellee. | No.  13-35692 <br><br> D.C. No. 2:12-cv-05130-RMP <br><br><br> MEMORANDUM* |
| CENTURION PROPERTIES III, LLC; SMI GROUP XIV, LLC, <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> CHICAGO TITLE INSURANCE COMPANY, a Nebraska company, <br><br> Defendant-Appellant. | No.  13-35725 <br><br> D.C. No. 2:12-cv-05130-RMP |

Appeals from the United States District Court
for the Eastern District of Washington

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Rosanna Malouf Peterson, District Judge, Presiding

Argued and Submitted June 2, 2015
Seattle, Washington
Submission Vacated July 16, 2015
Resubmitted August 26, 2016

Before:　　O'SCANNLAIN, TASHIMA, and McKEOWN, Circuit Judges.

Centurion Properties III, LLC and SMI Group XIV, LLC (together, "Plaintiffs") allege that Chicago Title Insurance Company ("Chicago Title") breached a duty of care to Plaintiffs by negligently recording certain liens against their property, in violation of Plaintiffs' loan agreement. *See Centurion Props. III, LLC v. Chi. Title Ins. Co.*, 793 F.3d 1087, 1088 (9th Cir. 2015). "Chicago Title served as the escrow, closing agent, and title insurer for the original purchase [of the property]" and thus admitted that it could be charged with actual knowledge of the loan agreement. *Id.* at 1088-89. Nevertheless, Chicago Title argued that because Plaintiffs were third parties to its agreement with the insured, it owed them no duty of care. *Id.* at 1091. The district court agreed, granting summary judgment to Chicago Title. *Id.* at 1089. Plaintiffs timely appealed.

We concluded that "whether a title company owes a duty of care to third parties to refrain from negligently recording legal instruments" was a matter of Washington common law. *Id.* at 1090. Yet, upon review, we were unable to find

2

any Washington case expressly delineating the duty of care. *Id.* Moreover, the answer was not clear from Washington's precedents. Concluding that there was no way accurately to predict how Washington courts would rule, *id.,* we certified the following question to the Washington Supreme Court: "Does a title company owe a duty of care to third parties in the recording of legal instruments?" *Id.* at 1088, 1092; *see also* Wash. Rev. Code § 2.60.020.

On July 14, 2016, the Washington Supreme Court answered our question with an unequivocal and unanimous "No." *Certification from the U.S. Court of Appeals for the Ninth Circuit in Centurion Props. III, LLC v. Chi. Title Ins. Co.*, 375 P.3d 651, 653 (Wash. 2016). Taking into account "logic, common sense, justice, policy, and precedent, as applied to the facts of the case," the court concluded that "a title insurance company does not owe a duty of care to third parties in the recording of legal instruments." *Id.* at 654.

In our certification order, we indicated that the Washington Supreme Court's answer would be dispositive:

> If, as the district court reasoned, Chicago Title owed no duty, then we would affirm the district court's grant of summary judgment to Chicago Title. If Chicago Title did owe a duty of care, then summary judgment would be inappropriate at this stage. In that event, we likely would remand to the district court for a determination in the first instance as to causation, which the parties also dispute.

3

*Centurion*, 793 F.3d at 1090. Thus, the Washington Supreme Court's answer ends this case. Because, under Washington law, Chicago Title owed no duty of care to Plaintiffs, the district court did not err in granting summary judgment to Chicago Title.

The judgment of the district court is **AFFIRMED.**