**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 19 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANCE CARLSON,

      Plaintiff-Appellant,

v.

CHARTER COMMUNICATIONS, LLC,

      Defendant-Appellee.

No.   17-35917

D.C. No. 6:16-cv-00086-SEH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Submitted November 9, 2018[**]
Portland, Oregon

Before:  TALLMAN and IKUTA, Circuit Judges, and BOUGH,[***] District Judge.

Lance Carlson appeals the district court's dismissal of his action and its

order refusing to certify a question to the Montana Supreme Court.  We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

Because sections 50-46-320(4)(b) and (5) of the Montana Marijuana Act (MMA) state that the MMA does not prevent employers from prohibiting their employees from using marijuana or authorize wrongful termination or discrimination suits against employers, Mont. Code Ann. §§ 50-46-320(4)(b), (5), the MMA does not preclude a federal contractor from complying with all the requirements of the Drug-Free Workplace Act (DFWA), 41 U.S.C. § 8102. Therefore, the MMA is not preempted by the DFWA. *See PLIVA, Inc. v. Mensing*, 564 U.S. 604, 620 (2011); *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000).

Nevertheless, sections 50-46-320(4)(b) and (5) do not violate the Montana constitution; rather, they survive rational basis review because they are rationally related to Montana's legitimate state interest in providing "careful regulation of access to an otherwise illegal substance for limited use by persons for whom there is little or no other effective alternative" while "avoid[ing] entanglement with federal law." *Mont. Cannabis Indus. Ass'n v. State*, 368 P.3d 1131, 1143 (Mont. 2016). Although a congressional appropriations rider currently restricts the Department of Justice from spending funds to prosecute individuals who comply with state marijuana laws, *see United States v. McIntosh*, 833 F.3d 1163, 1169,

1179 (9th Cir. 2016), this temporary rule does not undercut Montana's legitimate state interests.

The district court did not abuse its discretion in denying Carlson's request to certify the question whether sections 50-46-320(4)(b) and (5) are constitutional to the Montana Supreme Court, because it is not an unclear question of state law appropriate for certification. *See Centurion Properties III, LLC v. Chi. Title Ins. Co.*, 793 F.3d 1087, 1089 (9th Cir. 2015).

**AFFIRMED.**