**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| S. SCOTT JAMES; NOEL L. JAMES, a married couple, and on behalf of others similarly situated., | No. 18-35953 |
| | D.C. No. 2:16-cv-00920-MJP |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| SAFEGUARD PROPERTIES LLC, a Delaware corporation, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted March 2, 2020
Seattle, Washington

Before: IKUTA, R. NELSON, and HUNSAKER, Circuit Judges.

Plaintiffs-Appellants Scott and Noel James appeal the district court's

dismissal of their class action suit against Safeguard Properties LLC ("Safeguard")

after the district court found the original sole named plaintiff lacked standing.

They also appeal the district court's grant of summary judgment to Safeguard on

---

        *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

their claims for statutory trespass and unfair and deceptive conduct under the Washington Consumer Protection Act ("CPA") and seek certification of several questions to the Washington Supreme Court. We reverse in part and affirm in part.

1. We reverse the district court's dismissal of the suit for lack of jurisdiction. When a plaintiff lacks standing at the outset of a case, the jurisdictional defect can be cured by the subsequent addition of another plaintiff. *See Cal. Credit Union League v. City of Anaheim*, 190 F.3d 997, 1001 (9th Cir. 1999). Here, John Bund was the original sole named plaintiff in the case. The Jameses were added as plaintiffs prior to the discovery that Bund lacked standing. The subsequent addition of the Jameses retroactively cured the jurisdictional defect present at the time of filing. *See Northstar Fin. Advisors Inc. v. Schwab Invs.*, 779 F.3d 1036, 1043-44 (9th Cir. 2015); *see also Mullaney v. Anderson*, 342 U.S. 415, 416-17 (1952). The district court therefore erred in dismissing the case based on a jurisdictional defect that had been cured.

2. We decline to certify Appellants' proposed questions about the "good faith" defense regarding the Washington CPA claims to the Washington Supreme Court. Because Appellants did not request certification of their proposed questions before the district court, there is a presumption against certification at this stage of the proceedings. *Alliance v. City of Idaho Falls*, 742 F.3d 1100, 1108 (9th Cir. 2013). Appellants have demonstrated no "particularly compelling reasons" to

2

overcome that presumption. *See id.* (quoting *In Re Complaint of McLinn*, 744 F.2d 677, 681 (9th Cir. 1984)). Multiple Washington cases discuss the good faith defense in the context of CPA claims, *see, e.g.*, *Mulcahy v. Farmers Ins. Co. of Wash.*, 95 P.3d 313, 320 (Wash. 2004); *Leingang v. Pierce Cty. Med. Bureau, Inc.*, 930 P.2d 288, 299–300 (Wash. 1997); *Perry v. Island Sav. & Loan Ass'n*, 684 P.2d 1281, 1289 (Wash. 1984), so this is not a case where "a question of law has not been clearly determined by the Washington courts," *Centurion Props. III, LLC v. Chi. Title Ins. Co.*, 793 F.3d 1087, 1090 (9th Cir. 2015) (internal quotation marks omitted). Moreover, one of Appellants' questions is a factual—not a legal— question. *See* Wash. Rev. Code § 2.60.020 (setting forth rules for "[f]ederal court certification of local law question").

3. We affirm the district court's grant of summary judgment as to pre-*Jordan* CPA claims—for both unfair and deceptive acts—and statutory trespass claims. Prior to *Jordan v. Nationstar Mortgage, LLC*, 374 P.3d 1195 (Wash. 2016), Safeguard's conduct was lawful under an arguable interpretation of then-existing state law. *See Perry*, 684 P.2d at 1289; *see also Cox v. Lewiston Grain Growers, Inc.*, 936 P.2d 1191, 1200 (Wash. Ct. App. 1997) (applying good faith defense to deceptive claims under the CPA). No genuine dispute of material fact exists as to whether Safeguard acted in good faith reliance on that interpretation. Safeguard relied on its clients, the lenders and loan servicers with whom it

contracted, to ensure their loan agreements were in compliance with the law; Safeguard's vendors that performed its property preservations services were licensed by Washington's Labor Industry Board; and Safeguard belonged to industry groups which provided updates on the law. Safeguard also previously won lawsuits concerning its lock-changing and property-preservation services, without courts questioning its authority to enter and lock the home. *Fiscus v. Fed. Nat'l Mortg. Ass'n*, No. 14-2-01278-8 (Wash. Super. Ct. 2015); *Barthule v. CitiMortgage, Inc.*, No. 14-2-00352-1 (Wash. Super. Ct. 2015). Given all of these circumstances, we conclude Safeguard acted in good faith on a reasonable interpretation of then-existing law and affirm the grant of summary judgment. Moreover, for these same reasons, there is no genuine issue of material fact with respect to whether Safeguard acted "wrongfully" within the meaning of Washington's statutory trespass statute. RCW 4.24.630(1) (requiring that a person act "while knowing, or having reason to know, that he or she lacks authorization to so act" to constitute a trespass).

4. We vacate the summary judgment order, however, to the extent it applies to absent class members because summary judgment was entered before class members received notice of the class action or had an opportunity to opt out. *See Schwarzchild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995).

5. This disposition does not address Appellants' claims for common law

4

intentional trespass and common law negligent trespass. Those claims were raised in Safeguard's motion for partial summary judgment, but the district court did not rule on them in its summary judgment order. Moreover, the district court recognized the continued viability of the common law trespass claims when it decertified the class and dismissed the case. On appeal, the parties have not asked us to address these claims and we decline to do so.

**REVERSED IN PART AND AFFIRMED IN PART.** Each party to bear its own costs.