**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEBBIE ATCHINSON, Personal Representative of the Estate of Clinton E. Casey,

        Plaintiff-Appellant,

  v.

HOWMET AEROSPACE, INC.,

        Defendant-Appellee.

No. 20-35250

D.C. No. 2:18-cv-01358-TSZ

MEMORANDUM*

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted November 8, 2021
Seattle, Washington

Before: GOULD, TALLMAN, and BUMATAY, Circuit Judges.

    Plaintiff-Appellant Clinton Casey appeals from the district court's decision to

deny his motion to certify issues of state law to the Washington Supreme Court and

the district court's order granting summary judgment in favor of Defendant-Appellee

---

    * This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Alcoa, Inc.[1]  We have jurisdiction under 28 U.S.C. § 1291.  We review decisions not to certify questions of state law to a state high court for abuse of discretion.  *Syngenta Seeds, Inc. v. Cnty. of Kauai*, 842 F.3d 669, 674 (9th Cir. 2016).  We review *de novo* our appellate jurisdiction, *United States ex rel. Alexander Volkhoff, LLC v. Janssen Pharmaceutica N.V.*, 945 F.3d 1237, 1241 (9th Cir. 2020), and summary judgment, *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 625 (9th Cir. 2020).  We affirm under these standards.  We also deny Casey's renewed motion to certify questions to the Washington Supreme Court.

1.      Alcoa initially claimed we lack jurisdiction because Casey appealed from the summary judgment order before the district court dismissed the other defendants to this case under their settlement agreements with Casey.  Counsel recently withdrew that argument.

Withdrawal was appropriate here.  The district court has since dismissed the other defendants *nunc pro tunc* and entered a final judgment.  Such intervening events validate a premature notice of appeal, which will instead "be directed toward a subsequently entered final decision dismissing the action," *Rano v. Sipa Press, Inc.*, 987 F.2d 580, 584 (9th Cir. 1993), especially when "no practical benefits would

---

[1]      Clinton Casey died in 2020, so the personal representative of his estate was substituted as the Appellant.  For simplicity, "Casey" is used to refer to the Appellant.  Appellee Howmet Aerospace was formerly known as Alcoa, Inc., and Arconic, Inc.  It is referred to as "Alcoa" here.

2

accrue from a dismissal for lack of appellate jurisdiction," *Squaxin Island Tribe v. Wash.*, 781 F.2d 715, 719 (9th Cir. 1986). "[T]here is no danger of piecemeal review because no issue or claim remains in the district court. Accordingly, we have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291." *Rano*, 987 F.2d at 584.

2.      Casey contends the district court improperly denied his motion to certify these questions to the Washington Supreme Court:

> Are all chronic occupational diseases, including asbestos-related diseases, exempt from the "deliberate" injury exception to the Industrial Insurance Act [IIA], Wash. Rev. Code § 51.24.020, because it is never "certain" that every exposed worker will develop disease?

> Did the evidence marshalled by Mr. Casey in response to Alcoa's motion for summary [judgment] raise an issue of fact on whether or not the "deliberate intention" exception was satisfied under [Wash. Rev. Code] § 51.24.020?

We disagree. Certification to the Washington Supreme Court is proper only when the relevant state law is not "clearly determined," Wash. Rev. Code § 2.60.020 (2020), no state appellate opinions are instructive, *Perez-Farias v. Global Horizons, Inc.*, 668 F.3d 588, 589 (9th Cir. 2011), and answers are necessary to disposal of the case, § 2.60.020. These criteria are not met here. The Washington Supreme Court has held that asbestos exposure does not fit within the IIA's "deliberate injury" exception because "asbestos exposure is not certain to cause mesothelioma or any other disease. It does cause a *risk* of disease, [which is] insufficient." *Walston v. Boeing Co.*, 334 P.3d 519, 522 (Wash. 2014) (en banc). Casey's summary judgment

3

evidence, which was similar to that offered in *Walston*, does not create a fact issue on whether Alcoa knew he was certain to be injured by asbestos exposure. *See id.* at 519–22; *Walston v. Boeing Co.*, 294 P.3d 759, 761–62 (Wash. Ct. App. 2013), *aff'd* 334 P.3d 519. And we need not decide if *Walston* bars all chronic disease-based IIA claims to dispose of this appeal. *See* § 2.60.020. Because Casey's questions have been clearly answered by state law or are extraneous, the district court properly denied certification. *See* § 2.60.020; *Syngenta Seeds*, 842 F.3d at 681 (stating that certification is unwarranted if "there is sufficient state law to enable [a federal court] to make an informed decision on the issues" (cleaned up)). There was no abuse of discretion in denying certification.

3.      Casey asks us to certify the same questions to the Washington Supreme Court. We deny the request for the same reasons that we held there was no abuse of discretion in the district court's denial of certification. Also "[t]here is a presumption against certifying a question to a state supreme court after the federal district court has issued a decision" which the plaintiff may overcome only by showing "particularly compelling reasons why [he] should be allowed a second chance at victory." *Alliance for Prop. Rights & Fiscal Resp. v. City of Idaho Falls*, 742 F.3d 1100, 1108 (9th Cir. 2013) (cleaned up).

No compelling reason exists here. Casey and the amici seek certification on the basis that the Washington Supreme Court misapplied state law in *Walston*. But

the Washington Supreme Court justices who dissented in *Walston* set out concerns similar to those raised by Casey and the amici yet these arguments did not persuade the majority. *See* 334 P.3d at 523–29 (Wiggins, J., dissenting). Casey and the amici point to no later case as overruling *Walston*. *See Lunsford v. Saberhagen Holdings, Inc.*, 208 P.3d 1092, 1101 (Wash. 2009) (en banc) (explaining that the Washington Supreme Court does not *sub silentio* overrule clear statements of law). The Washington state legislature has not yet taken issue with *Walston* in the seven years since it was decided and is presumed to have acquiesced in its holding. *See Wash. Indep. Tel. Ass'n v. Wash. Utils. & Transp. Comm'n*, 64 P.3d 606, 615 n.14 (Wash. 2003) (en banc). *Walston* is dispositive because it mirrors Casey's case and clearly answered the questions he wants certified for his claims against Alcoa. *See* 334 P.3d at 520–22. We certainly cannot disagree with the Washington Supreme Court majority as to what its state law requires. Also, this appeal does not turn on whether *Walston* bars all chronic disease claims under the IIA. *See* Wash. Rev. Code § 2.60.020 (2020). We deny Casey's renewed motion to certify as a result. *See Idaho Falls*, 742 F.3d at 1108.

4.     Casey finally seeks reversal of the summary judgment order in Alcoa's favor on the basis that asbestosis, pleural plaques, and pleural thickening are compensable injuries. It is beside the point. Even if that were true, Casey could survive summary judgment only through evidence from which a reasonable juror could infer that

5

Alcoa knew he was certain to contract asbestos-related disease while working at Alcoa. *Walston*, 334 P.3d at 522. He did not do that here, so we will not disturb the district court's summary judgment order. *See id.*

**AFFIRMED. Casey's renewed motion to certify questions of state law to the Washington Supreme Court is DENIED.**