[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-15600
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cv-00048-CJK

THOMAS JEFFERY GRANTHAM, JR.,

Plaintiff-Appellant,

versus

ACTING COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 11, 2016)

Before WILSON, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Thomas Grantham appeals the district court's order affirming the Social Security Administration's denial of his application for disability insurance benefits and supplemental security income, pursuant to 42 U.S.C. § 405(g).  As the sole issue on appeal, Grantham argues that the Administrative Law Judge (ALJ) erred by assigning little weight to a treating physician's opinion.[1]

I

We normally review the Commissioner's decision for substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." *Id.* (alteration in original) (internal quotation marks and citations omitted).

The ALJ must give a treating physician's opinion "substantial or considerable weight" unless there is "good cause" not to do so. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1527(c)(2).  "'[G]ood cause' exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence

---

[1] Grantham also attempts to appeal the Magistrate Judge's decision issued pursuant to consent jurisdiction—however, our review is limited to the agency decision.  *See Shinn ex rel. Shinn v. Comm'r of Soc. Sec.*, 391 F.3d 1276, 1282 (11th Cir. 2004) ("We consider this appeal essentially as if we were the district court, reviewing the ALJ's ruling rather than the district court judgment.").

supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips*, 357 F.3d at 1241. If the ALJ articulates specific, legitimate reasons for assigning limited weight to a treating physician's opinion that demonstrates good cause, then we must conclude such determination is supported by substantial evidence and there is no reversible error. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) (per curiam); *Phillips*, 357 F.3d at 1240. The ALJ also must consider the amount of knowledge a treating source has about a patient's impairments and the treatment the physician has provided. *See* 20 C.F.R. § 404.1527(c)(2)(ii).

## II

The ALJ did not err by assigning little weight to Dr. Sarazin, Grantham's psychiatrist at Lakeview Center, Inc. (Lakeview), because the ALJ clearly articulated reasons that established good cause to give his opinion less weight. Grantham received mental health treatment at Lakeview beginning in February 2012, and continued for approximately one year. Erik Sternung, a registered nurse practitioner working under Dr. Sarazin's supervision, actually saw and examined Grantham. Dr. Sarazin met with Grantham once, the week before being deposed, "to get a better idea into his problems."

The ALJ noted that Dr. Sarazin's conclusions were inconsistent with other parts of the record, including treatment notes from Dr. Sarazin's facility and

Grantham's own testimony. *See Phillips*, 357 F.3d at 1241. For example, Dr. Sarazin characterized Grantham as "hav[ing] marked and extreme difficulties" in dealing with the public and others because "he easily get [sic] frustrated around people, feeling that they are about to get him or harm him," while Grantham himself testified that he regularly attended Church services, Sunday school, Bible study, and shopping trips with no severe impact on social functioning due to his depression. *See id.* at 1241 & n.9 (concluding substantial evidence supported ALJ's decision to give limited weight to treating physician's opinion when it was "contrary to [claimant]'s admissions concerning her activities").

Additionally, Dr. Sarazin's opinion is at odds with his own facility's treatment record. Dr. Sarazin opined that Grantham exhibits debilitating paranoia and loss of focus. But Grantham's treatment at Lakeview was limited, and Sternung never prescribed counseling, therapy, or any specific treatment for chronic anxiety, paranoia, or post-traumatic stress. *See Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (good cause existed to disregard treating physician's opinion when record lacked objective medical evidence to support that opinion). In fact, Sternung's notes indicate successful treatment of Grantham's mental health complaints through medication. Therefore, Dr. Sarazin's opinion proves inconsistent with Lakeview's record, supporting the ALJ's finding of good cause to limit its weight. *See Phillips*, 357 F.3d at 1241.

4

III

The ALJ has articulated sufficient "relevant evidence [that] a reasonable person would accept as adequate to support a conclusion" that Dr. Sarazin's opinion was entitled to little weight. [2]  *See Winschel*, 631 F.3d at 1178. Accordingly, the district court's order affirming the Commissioner's denial of disability insurance benefits and supplemental security income is

**AFFIRMED.**

---

[2] Even if the ALJ incorrectly stated certain facts regarding Grantham's psychiatric hospitalization history and seizure disorder in support of his conclusion, he provided other factors that indicate there was more than a scintilla of relevant evidence in support of the conclusion that Dr. Sarazin's opinion was entitled to little weight. *See Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004) (per curiam) (internal quotation marks omitted) ("Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence.").